DAVID SEROR - Bar No. 67488
TALIN KESHISHIAN - Bar No. 201830
JESSICA L. BAGDANOV - Bar No. 281020
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: dseror@bg.law
tkeshishian@bg.law
jbagdanov@bg.law

Attorneys for Diane C. Weil, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DISTRICT**

| | |
|---|---|
| In re<br><br>JF LANDSCAPE, INC.,<br><br>Debtor. | Case No. 1:16-bk-12811-MT<br><br>Chapter 7<br><br>Adv. Case No. 1:19-ap-________-MT |
| DIANE C. WEIL, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JACOBY, an individual,<br><br>Defendant. | **COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS AND PREFERENTIAL TRANSFERS**<br><br>**[11 U.S.C. §§ 544, 547(b), 548(a)(1)(B), 550(a)(1)]** |

**TO THE HONORABLE MAUREEN A. TIGHE UNITED STATES BANKRUPTCY JUDGE, DEFENDANT MICHAEL JACOBY, AND ALL OTHER INTERESTED PARTIES:**

Diane C. Weil, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of debtor, JF Landscape, Inc. ("Debtor"), complaining of Michael Jacoby, an individual ("Defendant"), alleges as follows:

**NATURE OF ACTION**

1. This is an adversary proceeding brought pursuant to Title VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by the Debtor to the Defendant and related relief. The Trustee seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 544, 547, and/or 548 and recovering the transfers pursuant to 11 U.S.C. § 550.

2. To the extent that Defendant and/or his assignees has filed a proof of claim or have claim(s) listed on Debtor's schedules as undisputed, liquidated, and non-contingent, or has otherwise requested payment from Debtor (collectively, "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to such Claims for any reasons, including, but not limited to, any grounds set forth in Sections 502(a) through (j) ("Section 502") of Title 11 of the United States Code ("Bankruptcy Code"), and any such rights are expressly reserved.

**STATEMENT OF JURISDICTION AND PROCEEDINGS**

3. On or about September 26, 2016 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, commencing Bankruptcy Case No. 1:16-bk-12811-MT. Nancy Zamora was initially appointed as the Chapter 7 Trustee but subsequently withdrew. Thereafter, Diane C. Weil was duly appointed as the successor Chapter 7 Trustee, in which capacity she continues to serve.

4. On September 25, 2018, the Trustee and Defendant entered into a Stipulation wherein the parties to the Stipulation agreed to toll the statute of limitations on any and all claims ("Stipulation") that the Trustee or Debtor's bankruptcy Estate may have against the Defendant through and including January 28, 2019.

5. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. §§ 157(b)(1) and (2)(H).

6. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's case under the Bankruptcy Code that is still pending.

7. The Trustee consents to final orders or judgment by the Bankruptcy Court.

8. Pursuant to 11 U.S.C. § 544, the Trustee has standing to bring this adversary proceeding on behalf of the Estate.

**PARTIES**

9. The Trustee brings this action solely in her capacity as Chapter 7 Trustee of the Debtor's Estate.

10. The Trustee is informed and believes and based thereon alleges that Defendant is an individual who, at all times herein mentioned, conducted business in and/or resides in, the Central District of California.

11. The Trustee is further informed and believes and based thereon alleges that Defendant was an officer and director of the Debtor as well as a fifty percent (50%) shareholder of the Debtor.

**GENERAL ALLEGATIONS**

12. The Trustee is informed and believes, and based thereon alleges that, pre-petition, the Debtor was a landscaping company providing services in landscape, hardscape and related construction.

13. The Trustee is informed and believes that Defendant was a fifty percent shareholder (50%) of the Debtor as well as both an officer and director of the Debtor. Accordingly, the Defendant is an insider of the Debtor within the meaning of § 101(31)(B) and (E) of the Bankruptcy Code and/or is a non-statutory insider pursuant to applicable bankruptcy case law.

14. Pursuant to the Trustee's review and analysis of Debtor's Form 207, Statement of Financial Affairs and specifically Part 2, no. 4 re "Payments or other transfers of property made within 1 year before filing this case that benefited any insider", the Trustee is informed and believes and based thereon alleges that, from the period beginning July 2016 through October 2016, Debtor,

made a Transfer, or a series of Transfers, of sums of money to Defendant totaling Twenty Thousand Three Hundred and Twenty Nine Dollars ($20,329.00) (the "Transfers").

15. The Trustee is further informed and believes, and based thereon alleges, that within 90 days prior to the date of the bankruptcy filing, that the entirety or portion of the Transfers was made to Defendant.

16. The Trustee is further informed and believes, and based thereon alleges, that the Transfers made to Defendant were out of the ordinary course of business and not as compensation to Defendant in his capacity as Debtor's director or officer.

17. The Trustee is informed and believes and based thereon alleges that Defendant received, or was the direct and intended beneficiary of the Transfers from Debtor.

18. The Trustee is informed and believes and based thereon alleges that Defendant did not provide any value or reasonably equivalent value to the Debtor as consideration for such Transfers. Alternatively, the Trustee alleges that if it is ultimately determined that Defendant was owed an antecedent debt at the time of the Transfers, certain, or the entirety, of such Transfers are avoidable as preferential transfers, as set forth above.

19. There are, at all times mentioned herein with respect to the Transfers from Debtor to Defendant, creditors holding unsecured claims that are allowable under 11 U.S.C. § 502.

20. There are, at all times mentioned herein with respect to the Transfers from Debtor to Defendant, creditors holding unsecured priority claims that are allowable under 11 U.S.C. § 502.

## FIRST CLAIM FOR RELIEF

## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AGAINST DEFENDANT (CONSTRUCTIVE FRAUD)

## [11 U.S.C. §§ 548 and 550]

21. The Trustee refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. The Trustee is informed and believes and thereon alleges that the Transfer(s), or each of them, was made without Debtor receiving a reasonably equivalent value in exchange for such transfer; and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became

insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

23. By virtue of the foregoing, the Transfers constituted avoidable transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

24. Furthermore, pursuant to Section 550 of the Bankruptcy Code, the Trustee may recover from the Defendant the Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Transfers, in a sum according to proof, which Plaintiff believes not to be less than $20,329.00.

**<u>SECOND CLAIM FOR RELIEF</u>**

**AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**

**AGAINST DEFENDANT**

**[11 U.S.C. §§ 547 and 550]**

25. The Trustee refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. The Trustee is informed and believes, and based thereon alleges, that the Transfer(s) or each of the Transfers, constitutes a "transfer," within the meaning of Section 101(54) of the Bankruptcy Code, made within one year prior to the Petition Date.

27. The Trustee is informed and believes, and based thereon alleges, that the Debtor made the Transfers while the Debtor was insolvent.

28. The Trustee is informed and believes, and based thereon alleges, that the Transfers were made to Defendant between one year and ninety days prior to the Petition Date ("Insider Transfers").

29. The Trustee is further informed and believes, and based thereon alleges, that the Defendant, as a result of the Insider Transfers, received more than Defendant would have received as a creditor in the Chapter 7 liquidation had the Insider Transfers not been made.

30. The Trustee is informed and believes, and based thereon alleges, that Defendant is an insider of the Debtor.

31. For the foregoing reasons, pursuant to Section 547(b) of the Bankruptcy Code, the Trustee may avoid the Insider Transfers.

32. Furthermore, pursuant to Section 550 of the Bankruptcy Code, the Trustee may recover from Defendant the value of the Insider Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Insider Transfers, in a sum according to proof, which the Trustee believes not to be less than $20,329.00.

**THIRD CLAIM FOR RELIEF**

**AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**

**AGAINST DEFENDANT**

**[11 U.S.C. §§ 547 and 550]**

33. The Trustee refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. The Trustee is informed and believes, and based thereon alleges, that each of the Transfers constitutes a “transfer,” within the meaning of Section 101(54) of the Bankruptcy Code, made within one year prior to the Petition Date.

35. The Trustee is informed and believes, and based thereon alleges, that the Debtor made the Transfers while the Debtor was insolvent.

36. The Trustee is informed and believes, and based thereon alleges, that all or the majority of the Transfers were made to Defendant within ninety days of the Petition Date (“90-Day Transfers”).

37. The Trustee is further informed and believes, and based thereon alleges, that the Defendant, as a result of the 90-Day Transfers, received more than Defendant would have received as a creditor in the Chapter 7 liquidation had the 90-Day Transfers not been made.

38. For the foregoing reasons, pursuant to Section 547(b) of the Bankruptcy Code, the Trustee may avoid the 90-Day Transfers.

39. Furthermore, pursuant to Section 550 of the Bankruptcy Code, the Trustee may recover from Defendant the value of the 90-Day Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Transfers, in a sum according to proof.

**FOURTH CLAIM FOR RELIEF**

**CLAIM DISALLOWANCE**

**AGAINST DEFENDANT**

**[11 U.S.C. § 502]**

40. The Trustee realleges each and every allegation contained in paragraphs 1 through 39 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

41. Defendant is a transferee of the Transfers avoidable under either Section 547 or Section 548 of the Bankruptcy Code and from whom property is recoverable under Section 550 of the Bankruptcy Code.

42. Despite demand by the Trustee, Defendant has not paid the amount of the Transfer for which Defendant is liable under Section 550 of the Bankruptcy Code.

43. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant and/or assignees of Defendant, against the Debtor’s estate must be disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

44. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or her assignee, against the Debtor’s estate previously allowed by the Debtor or the Trustee, must be reconsidered and disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee prays for judgment against the Defendant as follows:

1. On the First Claim for Relief, for a judgment that the Transfers are avoidable transfers under 11 U.S.C. § 548 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than $20,329.00, the exact amount to be proven at trial, plus interest at the legal rate from the date of the Transfers;

    2. On the Second Claim for Relief, for a judgment that the Insider Transfers are avoidable transfers under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than $20,329.00, the exact amount to be proven at trial, plus interest at the legal rate from the date of the Insider Transfers;

3. On the Third Claim for Relief, for a judgment that the 90-Day Transfers are avoidable transfers under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than $20,329.00., the exact amount to be proven at trial, plus interest at the legal rate from the date of the 90-Day Transfers;

4. On the Fourth Claim for Relief, for disallowance of all claims of the Defendant and/or Defendant's assignee, against the Estate;

5. On All Claims for Relief, for costs of suit incurred herein; and

6. On All Claims for Relief, for such other relief as the Court deems just and proper.

DATED: January 24, 2019

BRUTZKUS GUBNER

By: /s/ Talin Keshishian
TALIN KESHISHIAN
Attorneys for Diane C. Weil, Chapter 7 Trustee